IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| **NICOLE MILLS** | ) | |
| | ) | |
| Plaintiff, | ) | No. __4:25-CV-7_____ |
| v. | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **BRYAN COUNTY SCHOOL DISTRICT,** | ) | |
| **MERIDYTH PADGETT,** | ) | |
| **PAUL BROOKSHER, DEBI MCNEAL,** | ) | |
| **NANCY HIGHSMITH, and** | ) | |
| **MELISSA THOMAS** | ) | |
| | ) | |
| All persons in their official and | ) | |
| Individual capacities | ) | |
| | ) | |
| Defendant(s). | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Nicole Mills (hereinafter "Plaintiff") by and through counsel, and files her Complaint as follows against the Defendant(s), Bryan County School District, Meridyth Padgett (official and individual capacity), Paul Brooksher (official and individual capacity), Debi McNeal (official and individual capacity), Nancy Highsmith (official and individual capacity), and Melissa Thomas (official and individual capacity), seeking relief and redress under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the First and Fourteenth Amendments to the Constitution or laws of the United States of America.

### INTRODUCTION

1. Plaintiff has applied for 82 positions of employment as a teacher and/or other positions with the Bryan County School District. There was an interview with Nancy Highsmith

who is principal of Richmond Hill Primary School. Nancy Highsmith and Melissa Thomas disclosed that they performed an inappropriate search of Plaintiff's social media history and discussed a few specific online posts that were critical of the Bryan County School Board and its members and endorsements of a particular candidate. Plaintiff engaged in constitutionally protected free speech online about issues of public concern, political association, and government action. In an interview with human resources director Debi McNeal (human resources director at time of interview), it was admitted that there was a phone call about the online posts. Plaintiff has continued to be denied interviews and/or employment as recent as December 2024. These acts constitute a violation of Plaintiff's constitutional rights.

2. The Plaintiff seeks to restrain the Defendant(s) from maintaining a policy, practice, custom, or usage of discriminating against the Plaintiff or others upon the basis of the Plaintiff's exercise of their constitutional right to political speech and association, and from conspiracy to unlawfully deprive the Plaintiff of equal protection of the laws with respect to promotion, wages, and other terms and conditions of employment due to the Plaintiff's political expression and association. This Complaint seeks restitution, including hiring, and/or promotion that is representative of all rights, privileges, benefits, and income that would have been received by the Plaintiff but for Defendant(s)' unlawful and discriminatory practices.

## JURISDICTION & VENUE

3. This civil rights action raises federal questions under the United States Constitution, particularly the First and Fourteenth Amendments, and the Civil Rights Act of 1871, 42 U.S.C. §1983.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and LR 2.1(a) & (b) because Defendants reside in this district and division and/or all of the events or omissions giving rise to the claims alleged in the Complaint occurred in this district and division.

6. This Court has authority to award requested damages pursuant to 28 U.S.C. § 1343, the requested declaratory relief pursuant to 28 U.S.C. §§ 2201-02, the requested injunctive relief pursuant to 28 U.S.C. § 1343 and Fed. R. Civ. P. 65, and costs and attorneys' fees under 42 U.S.C. § 1988.

**PARTIES**

7. Plaintiff, Nicole Mills (hereinafter referred to as Plaintiff), is a resident of the United States who resides in Richmond Hill, Georgia. She is and was at all times relevant to this Complaint a citizen of the State of Georgia and a resident of Bryan County.

8. Defendant, Bryan County School District (hereinafter referred to as Defendant BCSD), is a local educational agency operating in Bryan County, Georgia; a government entity and/or political subdivision organized under the laws of the State of Georgia, with its principal place of business at 8810 Hwy 280, Black Creek, Georgia 31308, and may be served process by serving Complaint and Summons upon Defendant Paul Brooksher. To the extent applicable, Bryan County School District and Bryan County School Board are referenced as one and the same.

9. Upon information and belief, Defendant Meridyth Padgett (hereinafter referred to as Defendant Padgett) is an adult resident and citizen of the State of Georgia. Defendant Padgett is employed as a human resources director by Defendant BCSD. At all times, Defendant Padgett was acting within the scope and course of her employment and pursuant to the customs, policies and procedures of Defendant BCSD and under the color of law. Defendant Padgett is named in

this cause of action in her individual and official capacities. Upon information and belief, she resides in Bryan County, Georgia.

10. Upon information and belief, Defendant Paul Brooksher (hereinafter referred to as Defendant Brooksher) is an adult resident and citizen of the State of Georgia. Defendant Brooksher is employed as a superintendent of schools by Defendant BCSD and is the chief policy maker in addition to that of the elected school board members. At all times, Defendant Brooksher was acting within the scope and course of his employment and pursuant to the customs, policies and procedures of Defendant BCSD and acting under the color of law. Defendant Brooksher is named in this cause of action in his individual and official capacities. Defendant Brooksher serves as an "executive officer" of BCS. Ga. Code Ann. § 20-2-109(a). Defendant Brooksher has ultimate executive authority over teacher personnel decisions in Bryan County Schools. Upon information and belief, he resides in Bryan County, Georgia.

11. Upon information and belief, Defendant Debi McNeal (hereinafter referred to as Defendant McNeal) is an adult resident and citizen of the State of Georgia. Defendant McNeal was employed previously as a human resources director by Defendant BCSD and is presently in another position. At all times, Defendant McNeal was acting within the scope and course of her employment and pursuant to the customs, policies and procedures of Defendant BCSD and under the color of law. Defendant McNeal is named in this cause of action in her individual and official capacities. Upon information and belief, she resides in Bryan County, Georgia.

12. Upon information and belief, Defendant Nancy Highsmith (hereinafter referred to as Defendant Highsmith) is an adult resident and citizen of the State of Georgia. Defendant Highsmith is employed as a school principal by Defendant BCSD. At all times, Defendant Highsmith was acting within the scope and course of her employment and pursuant to the customs,

policies and procedures of Defendant BCSD and under the color of law. Defendant Highsmith is named in this cause of action in her individual and official capacities. Upon information and belief, she resides in Bryan County, Georgia.

13. Upon information and belief, Defendant Melissa Thomas (hereinafter referred to as Defendant Thomas) is an adult resident and citizen of the State of Georgia. Defendant Thomas is employed as an assistant school principal by Defendant BCSD. At all times, Defendant Thomas was acting within the scope and course of her employment and pursuant to the customs, policies and procedures of Defendant BCSD and under the color of law. Defendant Thomas is named in this cause of action in her individual and official capacities. Upon information and belief, she resides in Bryan County, Georgia.

14. At all times all times relevant to this Complaint, and for each act or omission alleged herein, Defendant(s) were acting under color of a statute, regulation, or custom of the State of Georgia (i.e., under color of state law and authority).

15. At all times relevant to this Complaint, and for each act or omission alleged herein, Defendant(s) were acting within the course and scope of employment.

16. At all times, Defendant(s) were acting within the scope and course of their employment and pursuant to the customs, policies and procedures of Defendant BCSD.

17. Plaintiff reserves the right to amend this Complaint to add additional parties that are liable for the acts and/or omissions averred herein and that may be identified through formal discovery. This would possibly include individuals identified herein who may be liable for acts and/or omissions further revealed through formal discovery.

## FACTUAL ALLEGATIONS

18. In expressing her political speech, Plaintiff was speaking as a citizen.

19. Plaintiff graduated from Shippensburg University in 2021 with a bachelor's degree in elementary education and special needs.

20. Plaintiff performed her student teaching for an entire academic school year at Richmond Hill Primary School which is part of the Bryan County School District.

21. Plaintiff began her teaching career at West Chatham Elementary School in the Chatham County School District in the fall of 2021 and completed through Spring 2023.

22. In her position with West Chatham Elementary School, Plaintiff worked with grades pre-kindergarten through fourth grade as an inclusion teacher and "self-contained" teacher.

23. Plaintiff became employed with First Christian Academy in Richmond Hill, Georgia as a second-grade general education teacher in the fall of 2023.

24. Plaintiff is presently employed with Richmond Hill Montessori School in their pre-kindergarten program.

25. Plaintiff began seeking employment with Defendant Bryan County School District in 2021 and has continued to do so through the end of December 2024.

26. Plaintiff has applied for over 82 employment positions of which the majority comprise teaching positions she was qualified for.  Please see attached cumulative **exhibit A** for list of positions applied for referenced and incorporated herein as if specifically set out.

27. Plaintiff posted online political speech involving posts that were critical of the Bryan County School Board and its members and endorsements of a particular candidate.  See attached cumulative **exhibit B** consisting of the online posts referenced and incorporated herein as if specifically set out.

6

28. Plaintiff had an interview in 2022 with Defendant(s) (Richmond Hill Primary School Principal) Nancy Highsmith and (Assistant Principal) Melissa Thomas for a teaching position.

29. During the course of the interview, Defendant(s) Highsmith and Thomas each disclosed that they searched Plaintiff's Facebook history of posts and discovered posts that were critical of the school board.

30. In the interview, Defendant(s) Highsmith and Thomas stated to the effect that they could not tolerate any more negative issues and critical opinions about the Bryan County School Board or its members.

31. Plaintiff was not offered this position of employment as referenced by Defendant(s) Highsmith and Thomas who also continue to deny Plaintiff any opportunity for employment at Richmond Hill Primary School. Defendant(s) Highsmith and Thomas continue to participate in concert with Defendant(s) in denial of employment with Defendant BCSD.

32. Plaintiff continued to apply for numerous teaching positions and administrative positions without success of receiving an offer of employment.

33. In this interview with Director of Human Resources Defendant Debi McNeal, Plaintiff stated how it was interesting that she had not received any interviews or employment offers after the interview with Defendant(s) Highsmith and Thomas wherein the issues of the online posts were discussed. Plaintiff inquired whether the online posts was an issue relevant to not receiving interviews or offers of employment. Defendant Debi McNeal responded that she remembered receiving a phone call about the online posts. Upon information or belief, this phone call was with Defendant(s) Highsmith or Thomas.

34. Plaintiff continued to apply for employment thereafter without success of an interview or an offer of employment.

35. Upon information and belief, Defendant(s) have copies of the original posts.

36. Upon information and belief, Defendant(s) have not failed to hire or terminate an employee for posting or communicating views that are contrary to Plaintiff's posts or that are positive about Defendant BCSD or its members.

37. Plaintiff's job responsibilities as a teacher at any school would not include anything about the subject matter of her posts.

38. Plaintiff's speech did not disrupt the operations and/or efficient provision of public services of any Bryan County Schools.

39. Defendant(s)' failure to hire Plaintiff as a teacher has caused her economic damages.

40. Plaintiff would have earned a salary of approximately $50,000.00 for the 2023/2024 and/or 2024/2025 school years respectively and would have received health insurance, retirement benefits, and such other benefits.

41. Defendants' retaliatory actions against Plaintiff, including failure to hire, were sufficient to deter a person of ordinary firmness from exercising their constitutional rights.

42. Defendant(s)' retaliatory actions, including failure to hire, against Plaintiff have effectively chilled Plaintiff from exercising her constitutional rights.

43. Upon information and belief, Defendant(s) have filled the teaching positions with other teachers who do not have the qualifications and/or certifications possessed by Plaintiff.

44. Upon information and belief, Defendant(s) have hired teachers with no experience such as immediately after completing their annual assistant teaching positions.

45. Upon information and belief, Defendant(s) have terminated and/or failed to hire three other teachers and/or employees for exercising their right to free speech.

**Municipal Liability for all Counts**
**Defendant BCSD**
**(42 U.S.C. § 1983)**

46. The violations of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution, and the resulting damages, were directly and proximately caused by the actions and/or inactions of Defendant BCSD, which encouraged, tolerated, ratified, and has been deliberately indifferent to policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline as related to the acts and/or omissions alleged herein.

47. By adopting an employee's action as its own (what is called "ratification"), Defendant BCSD as a public employer becomes the author of the action for purposes of liability under section 1983. The subsequent acceptance of such acts and/or omissions as alleged herein by the policymaker tends to prove their preexisting disposition and policy.

48. Defendant BCSD has an official policy, custom and practice of violating the rights of employees and/or applicants for employment by permitting their officers to conduct restraints on speech and retaliation including failure to hire as alleged herein.

49. Defendant BCSD exercises control over the policies, training, and practices of their officers and employees.

50. For a public employee to establish that an employment action has infringed a constitutional right the employee also must demonstrate that he or she has suffered some sort of adverse employment action for exercising the right. Adverse action for First Amendment retaliation "is broadly defined and as a matter of law includes not only discharges, but also

demotions, **refusals to hire**, refusals to promote, and reprimands. McCabe v. Sharrett, 12 F.3d 1558, 1563 (11th Cir. 1994).

51.     Speech by citizens on matters of public concern lies at the heart of the First Amendment, which "was fashioned to secure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." Roth v. United States, 354 U.S. 476, 484 (1957). On the other hand, "[g]overnment employers, like private employers, need a significant degree of control over their employees' words and actions; without it, there would be little chance for the efficient provision of public services." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006).

52.     Whether or not the First Amendment protects a public employee's speech depends on a careful balance "between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interests of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty., 391 U.S. 563, 568 (1968).

53.     Plaintiff's exercise of free speech did not frustrate the efficient provision of public services.

### COUNT 1
### Retaliation/Failure to Hire for Plaintiff's Exercise of
### First Amendment Right to Free Speech
### (42 U.S.C. § 1983) All Defendants

54.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

55.     In retaliation for Plaintiff's exercising her right to free speech by posting online, Defendant(s) have failed to hire Plaintiff.

56.     Defendant(s) have hired individuals for teaching positions with lesser experience.

57.     Plaintiff's social media posts constituted speech on a matter of public concern.

58. Plaintiff has rights under the First and Fourteenth Amendments of the U.S. Constitution to express her views regarding matters political topics, governmental operations, political endorsements, political association, or any other matter of public concern.

59. By expressing her views regarding such subject matter, Plaintiff was engaged in constitutionally protected activity.

60. Defendant(s)' actions of retaliation and/or failing to hire Plaintiff were motivated and substantially caused by Plaintiff's online posts.

61. Defendant(s) would not have made the decision to decline an employment offer to Plaintiff absent her online posts.

62. By declining an employment offer to Plaintiff for expressing her views, Defendant(s) unlawfully retaliated against her for exercising her constitutional rights of free speech.

63. Plaintiff spoke as a private citizen on a matter of public concern.

64. Plaintiff's expression of her views online has not prevented Defendant(s) from efficiently providing services to the public (or even threatened to do so).

65. Plaintiff's interest in expressing her views online outweighs any interest of Defendant(s) in suppressing those views.

66. Additional discovery shall determine which Defendant was notified of the online posts and decision to decline offers of employment, but nonetheless, endorsed and approved the other Defendant(s)' actions by permitting Defendant(s) failure to hire in retaliation for her speech.

67. Each and every Defendant, acting under color of state law, and by policy and practice, have explicitly and implicitly retaliated against Plaintiff for exercising her clearly

established right to free speech on issues of public concern as secured by the First Amendment to the U.S. Constitution.

68. Each and every Defendant, individually and acting on behalf of their governmental employer, Bryan County School District, have violated Plaintiff's First Amendment rights by failing to hire Plaintiff because of her "politically incorrect" views.

69. Because of each of these Defendant(s)' actions, Plaintiff has suffered and continues to suffer, economic injury and irreparable harm. Plaintiff is therefore entitled to an award of monetary damages, including punitive damages and equitable relief.

70. Such actions, omissions, and decisions on the part of the Defendant(s) to silence the Plaintiff were taken under color of law, and such actions, omissions and decisions have deprived the Plaintiff of her rights, privileges and immunities secured by the United States Constitution and laws in violation of 42 U.S.C. § 1983, and for which liability exists under 42 U.S.C. § 1983.

71. Such unlawful actions, omissions and decisions, as alleged herein, make the Defendant BCSD fully liable to the Plaintiff under 42 U.S.C. § 1983 based on the authority and actual decisions of Defendant BCSD and the other Defendant(s). In addition, such unlawful actions, omissions and decisions, as alleged herein, were based on the policymaking and final decision-making authority of the Defendant(s), and were based on the policy, custom and practice of Defendant BCSD.

72. Such unlawful actions, omissions and decisions of the Defendant(s) individually, separately and/or jointly, alleged herein, were done in a knowing, willfully, reckless and bad faith manner, and violate clearly established constitutional and statutory provisions and rights of which a reasonable person would have known.

73. Pursuant to 42 U.S.C. §§1983 & 1988, Plaintiff is entitled to an award of monetary damages in an amount to be determined by the evidence and this Court and the reasonable costs of this lawsuit, including her reasonable attorneys' fees.

74. Each application for employment denied by Defendant(s) constitute as individual claims for purposes of statute of limitations and in the aggregate constitutes the totality of Plaintiff's claim averred as count 1 subject to being timely within the two year statute of limitations.

## COUNT 2
### Unconstitutional Content and/or Viewpoint Discrimination
### (42 U.S.C. § 1983) All Defendants

75. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

76. Plaintiff was fired for expressing these protected views.

77. Defendant(s) have engaged in prior acts constituting a policy, pattern, and practice of failing to hire and/or terminating teachers for exercise of their right to free speech.

78. Failing to hire Plaintiff for expressing these protected views did not advance a compelling state interest.

79. Failing to hire Plaintiff for expressing these protected views was not narrowly tailored to advance a compelling state interest.

80. Failing to hire Plaintiff for expressing these protected views cannot survive strict scrutiny.

81. Failing to hire Plaintiff for expressing her protected views, Defendant(s) have engaged in content and/or viewpoint discrimination in violation of the First and Fourteenth Amendments.

82. Each application for employment denied by Defendant(s) constitute as individual claims for purposes of statute of limitations and in the aggregate constitutes the totality of Plaintiff's claim averred as count 2 subject to being timely within the two year statute of limitations.

## COUNT 3
## Freedom of Association
## (42 U.S.C. § 1983) All Defendants

83. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

84. The rights of the Plaintiffs to freedom of association is clearly established and protected by the First Amendment and Fourteenth Amendment to the United States Constitution.

85. According to Supreme Court precedent, the United States Constitution accords special protection to two different forms of association, "intimate association" and "expressive association." See Roberts v. United States Jaycees, 468 U.S. 609, 617-18, 104 S.Ct. 3244, 3249-50, 82 L.Ed.2d 462 (1984); City of Dallas v. Stanglin, 490 U.S. 19, 23-25, 109 S.Ct. 1591, 1594-95, 104 L.Ed.2d 18 (1989).

86. The right of expressive association — the freedom to associate for the purpose of engaging in activities protected by the First Amendment, such as speech, assembly, petition for the redress of grievances, and the exercise of religion — is protected by the First Amendment as a necessary corollary of the rights that the amendment protects by its terms. *Id.* at 617-18, 622, 104 S.Ct. at 3249, 3252. Both the intimate and the expressive association rights are considered fundamental. *See, e.g., id.* at 617-19, 622-29, 104 S.Ct. at 3249-50, 3252-55; Hatcher v. Board of Public Education*,* 809 F.2d 1546, 1558 (11th Cir. 1987).

87. Freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the liberty assured by the Due Process Clause of the Fourteenth Amendment.

88. Plaintiff's associational activity was undertaken as a "citizen" rather than as an employee.

89. In analyzing a public employee's freedom-of-association claim, the Eleventh Circuit Court of Appeals applies the same analysis (substituting association for speech), with one exception: the plaintiff in a freedom-of-association case need not show that the associative activity related to a matter of public concern. See Cook v. Gwinnett Cnty. Sch. Dist., 414 F.3d 1313, 1320 (11th Cir. 2005); D'Angelo v. Sch. Bd. of Polk Cnty., Fla., 497 F.3d 1203, 1212 (11th Cir. 2007).

90. Plaintiff communicated online about her political endorsements and engaged in community dialogue and debate about issues pertaining to the Bryan County School Board.

91. Plaintiff communicated online about school board members she did not endorse.

92. Upon learning and recognizing the Plaintiffs' association, Defendant(s) engaged in actions, omissions and decisions, aimed at denying the Plaintiff's employment rights and protections granted to her under law, including but not limited to termination and efforts to silence the Plaintiff by retaliation in failure to hire, as alleged in this Complaint.

## COUNT 4
### Violation of Fourteenth Amendment Due Process
### (42 U.S.C. § 1983) All Defendants

93. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

94. The government may not regulate speech based on policies that permit arbitrary and discriminatory enforcement.

95. The government may not regulate speech based on a policy that causes persons of common intelligence to "guess at its meaning and differ as to its application."

96. Plaintiff was deprived of a protected property interest.

97. Each application for employment denied by Defendant(s) constitute as individual claims for purposes of statute of limitations and in the aggregate constitutes the totality of Plaintiff's claim averred as count 4 subject to being timely within the two year statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant(s) and provide the following relief:

98. Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

99. Injunctive relief of reinstatement and/or employment as a school teacher within the school district of Defendant BCSD;

100. Issue a prohibitory injunction, restraining, prohibiting and enjoining Defendant(s) from taking retaliatory action against Plaintiff upon her employment and from conducting such other conduct similar as alleged herein upon other employees.

101. For a declaratory judgment that Defendants' failure to hire Plaintiff as a teacher violated her clearly established rights protected by the First and Fourteenth Amendments of the U.S. Constitution, including her rights to free speech and the right to petition the government.

102. Compensatory and/or nominal damages with pre and post judgment interest to Plaintiff due to Defendant(s)' unlawful actions in an amount not less than $300,000.00 or to be determined;

103. Punitive damages in an amount to be determined;

104. For a jury to be empaneled to hear all issues in this matter;

105. Award to Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, costs, and expenses;

106. For the award of reasonable attorney's fees, costs and other disbursements pursuant to 42 U.S.C. § 1988; and

107. Such other and further legal or equitable relief to which Plaintiff may be entitled as the Court deems proper and/or under such other statutory or common law;

108. That a jury of Plaintiff's peers be empaneled to try the issues raised in this cause;

Respectfully submitted,

/s/Roland Mumford
Roland Mumford GA BAR# 817109
Law Offices of Roland Mumford
**Postal address** and Tennessee office:
242 West Main Street, No. 223
Hendersonville, TN 37075

Georgia office:
10982 Ford Avenue
Richmond Hill, GA 31324

Phone: 615.348.0070
Fax: 615.246.4110
Pacer email: roland@mumfordlaw.net
**Email for opposing counsel to contact plaintiff counsel: roland@mumford.law**

Attorney for Plaintiff

Case 4:25-cv-00007-RSB-CLR     Document 1     Filed 01/08/25     Page 18 of 18